IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 05-cv-01437 - LTB - CBS

FRANCISCO JUAN LOBATO, individually and as the personal representative of the estate of Frank Lobato;
ANTHONY LOBATO;
BARBARA LOBATO; and
RAMONA LOBATO,

    Plaintiffs,

v.

RANJAN FORD, JR., individually and as a Police Officer for the City and County of Denver;
JOSHUA HERRICK, individually and as a Police Officer for the City and County of Denver;
GENE SHARLA, individually and as a Police Officer for the City and County of Denver;
ROBERT SHILLER, individually and as a Police Officer for the City and County of Denver;
CHARLES KYLE, individually and as a Police Officer for the City and County of Denver;
STEVEN ADDISON, individually and as a Police Officer for the City and County of Denver;
JOHN and JANE DOES, Denver Police Officers whose true names and identities are unknown;
GERALD WHITMAN, Chief of Police of the City and County of Denver; and
THE CITY AND COUNTY OF DENVER, a municipal corporation,

    Defendants.
_____

ORDER
_____

This case is before me on Plaintiffs' Objections to Order of Magistrate Entitled "Order on Pending Motions to Strike (the "Order")" [Doc # 257]. After consideration of Plaintiffs' objections and all related pleadings, including the pending summary judgment motions, I AFFIRM the Order as set forth below.

**I. Background**

In response to the attachment of the Affidavit of Vanessa Fields (the "Fields Affidavit") to Plaintiffs' amended response to his motion for summary judgment, Defendant Ranjan Ford, Jr.,

filed a motion to strike the Fields Affidavit and a motion to strike Ms. Fields as a witness. Defendants City & County of Denver and Gerald R. Whitman (collectively the "City Defendants") filed a separate motion to strike the Fields Affidavit and joined in Defendant Ford's motion to strike Ms. Fields as a witness.

I referred these motions to the Magistrate Judge pursuant to a order of reference authorizing the Magistrate Judge to "hear and determine pretrial matters, including discovery and other non-dispositive motions." I subsequently re-referred the motions to the Magistrate Judge based on Plaintiffs' argument that the motions to strike were dispositive in nature and therefore not subject to the original order of reference. I further ordered that the Magistrate Judge could determine in the first instance whether the subject motions were dispositive in nature.

Pursuant to the referrals, the Magistrate Judge issued the Order, which consists of 35 pages of detailed and thorough analysis of the aforementioned motions, as well as other motions that are not relevant to Plaintiffs' objections. Plaintiffs objects to those portions of the Order that: (1) allow Defendant Ford and the City Defendants to take the deposition of Fields in the event that the summary judgment motions filed by these parties are denied; (2) strike those portions of the Fields Affidavit containing Defendant Ford's purported statements about how all other officers in the Denver Police Department react when faced with threatening situations or the possibility of disciplinary action; and (3) strike those portions of the Fields Affidavit in which Defendant Ford comments of the Paul Childs shooting.

Each of Plaintiffs' objections to the Order is without merit for the reasons set forth below.

## II. Standard of Review

In reviewing objections to a magistrate judge's order that is not dispositive of a claim or

defense, "[t]he district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). In reviewing objections to a magistrate judge's order that is dispositive of a claim or defense, "[t]he district judge to whom the case is assigned shall make a de novo determination " and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

Plaintiffs apparently concede, as they must, that their objection to the possible deposition of Ms. Fields is not dispositive in nature and therefore subject to the standard of review set forth in Fed. R. Civ. P. 72(a). Plaintiffs argue, however, that their objection to the striking of certain portions of the Fields affidavit "could be dispositive" based on their citation to this affidavit to defeat Defendant Ford and the City Defendants' motions for summary judgment and that the Court should therefore review these portions of the Order de novo pursuant to Fed. R. Civ. P. 72(b). Based on the nature of his rulings, the Magistrate Judge rejected a similar argument from Plaintiffs that the subject motions were not properly before him. *See Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)."). Based both on the nature of the Magistrate Judge's rulings as well as my extensive review of and familiarity with the pending summary judgment motions, I likewise reject Plaintiffs' argument that the subject motions are dispositive in nature. I therefore review all relevant portions of the Order under the clearly erroneous or contrary to law standard set forth in Fed. R. Civ. P. 72(a).

### III.  Analysis

**A.  The Magistrate Judge's Ruling Allowing the Deposition of Ms. Fields in the Event Defendants' Motions for Summary Judgment are Denied**

Plaintiffs object to the Magistrate Judge's ruling regarding the deposition of Ms. Fields because they contend that it is predicated on an erroneous finding of fact that Plaintiffs relied exclusively on information disclosed in the local media when disclosing Ms. Fields as a potential witness.  A careful review of the Order, however, reveals that the Magistrate Judge's ruling regarding the deposition of Ms.. Fields was predicated on a more generalized finding that Plaintiffs' disclosure that Ms. Fields had "information regarding Defendant, Ranjan Ford" was insufficient.  In particular, the Magistrate Judge stated that "counsel had an obligation under Rule 26(g)(1) to provide 'complete' disclosures by indicating generally what information Ms. Fields might have 'regarding' Defendant Ford."

The Magistrate Judge's conclusion that Plaintiffs had failed to comply with Fed. R. Civ. P. 26 with respect to the disclosure of Ms. Fields is not clearly erroneous or contrary to law.  Once this determination was made, Fed. R. Civ. P. 37(c)(1) vested the Magistrate Judge with broad discretion to determining the appropriate sanction.  *See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).  The Magistrate Judge's decision to allow the deposition of Ms. Fields in the event that the summary judgment motions are denied is therefore also not clearly erroneous or contrary to law.

**B.  The Magistrate Judge's Ruling Striking the Portions of the Fields Affidavit Containing Defendant Ford's Purported Statements About All Other Officers in the Denver Police Department**

Plaintiffs argue that the Magistrate Judge erred by striking those portions of the Fields

Affidavit in which Defendant Ford purportedly opines about what all officers in the Denver Police Department know or how they would respond to certain situations because these statements are relevant to ths issues raised in the pending summary judgment motions and should be considered by the Court to the extent it deems appropriate.  Plaintiffs fail, however, to provide any argument as to how these portions of the Fields Affidavit satisfy the mandate of Fed. R. Civ. P. 56(e) that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  *See also Stevens v. Barnard,* 512 F.2d 876, 879 (10th Cir. 1975) ("generalized, conclusory, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment").

Based both on the applicable legal standards for affidavits filed in connection with summary judgment motions as well as my extensive review of and familiarity with the pending summary judgment motions, I conclude that the Magistrate Judge's ruling striking the portions of the Fields Affidavit containing Defendant Ford's purported statements about all officers in the Denver Police Department is not clearly erroneous or contrary to law.

**C.  The Magistrate Judge's Ruling Striking the Portions of the Fields Affidavit Containing Defendant Ford's Purported Statements About the Paul Childs Shooting**

Plaintiffs argue that the Magistrate Judge erred by striking those portions of the Fields Affidavit in which Defendant Ford purportedly comments on the Paul Childs shooting because these comments are relevant to ths issues raised in the pending summary judgment motions and should be considered by the Court to the extent it deems appropriate.  Again, however, Plaintiffs fail to provide any argument as to how these portions of the Fields Affidavit satisfy the mandate

of Fed. R. Civ. P. 56(e).  *See also Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.").

Based both on the applicable legal standards for affidavits filed in connection with summary judgment motions as well as my extensive review of and familiarity with the pending summary judgment motions, I conclude that the Magistrate Judge's ruling striking the portions of the Fields Affidavit containing Defendant Ford's purported comments about the Paul Childs' shooting is not clearly erroneous or contrary to law.

For the reasons set forth above, IT IS ORDERED that the Magistrate Judge's Order on Pending Motions to Strike [Doc # 251] is AFFIRMED.

Dated: October  31 , 2007 in Denver, Colorado.

                                                   BY THE COURT:

                                                     s/Lewis T. Babcock
                                                 LEWIS T. BABCOCK, JUDGE